IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| JOHN P. ADUMAT,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA R. GILBERT,<br><br>Defendant. | CV-25-48-BLG-SPW<br><br>ORDER ON DEFENDANT'S<br>MOTION TO DISMISS |

Plaintiff John Adumat, proceeding without counsel, brings a civil rights action against Defendant Montana State District Judge Brenda R. Gilbert, alleging a violation of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1).

Before the Court is Judge Gilbert's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5). Adumat did not respond and the time for response has closed. D. Mont. L R. 7.1(d)(1)(B)(i).    Thus, the "motion is deemed ripe for ruling." *Id.* 7.1(d)(1)(D). For the following reasons, the Court grants Judge Gilbert's Motion.

## I.    Background

### A.    *The Instant Action*

Adumat alleges that on April 18, 2024, his lender informed him there was a lien on his property in Livingston, Montana. (Doc. 1 at 4). According to Adumat,

Judge Gilbert issued a default judgment against him, which "slandered his title." (*Id.* at 3). As part of his due process claim, Adumat alleges he was not notified of any court proceedings leading to the default judgment. However, Adumat concedes that the default judgment was a "byproduct of a previous court proceeding that took place in Delta, Colorado" in February 2023. (*Id.* at 4).

### B.   *The 2024 Action*

On June 14, 2024, Adumat filed a complaint in the United States District Court for the District of Montana, Great Falls Division, alleging claims against Colorado State Judge Mary E. Deganhart and Judge Gilbert. *Adumat v. Deganhart*, 2024 WL 437, No. 2:24-cv-00047-BU (D. Mont. Oct. 2, 2024). Chief Judge Brian Morris presided.

Adamut asserted claims based on a judgment entered by Judge Deganhart in Colorado and then entered as a foreign judgment by Judge Gilbert. (Doc. 5-1 at 1). After a hearing on the defendants' motions to dismiss, Chief Judge Morris dismissed the complaint finding that Judge Deganhart and Judge Gilbert had "immunity from suit for the actions they [took] in their official capacity as judges." (*Id.* at 13). The case was dismissed with prejudice. (*Id.* at 14).

### C.   *Judge Gilbert's Motion to Dismiss*

Here, Judge Gilbert asserts that Adumat's claims are barred by res judicata or alternatively, by her absolute judicial immunity. Accordingly, Judge Gilbert moves

to dismiss Adumat's Complaint on the grounds that the Complaint fails to state a claim upon which relief may be granted.

Judge Gilbert also requests that the Court label Adamut a vexatious litigant and impose pre-file restrictions on him. The Court will address Judge Gilbert's arguments below.

## II.    Legal Standard

### A.    Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of a pleading. *Navarro v. Block*, 250 F.3d 729, 739 (9th Cir. 2001). To survive a 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint alleges enough facts to draw a reasonable inference that the accused is liable. *Id.* Though the complaint does not need to provide detailed factual allegations, it cannot merely assert legal conclusions. *Twombly*, 550 U.S. at 555.

When ruling on a 12(b)(6) motion, a court must accept the complaint's well-pled factual allegations as true and construe them in the light most favorable to the non-movant. *Usher*, 828 F.2d at 561. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B.    Pro Se Pleadings

Additionally, courts must construe pleadings by pro se litigants liberally. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). Though a pro se litigant's pleadings are not held to the same standard as pleadings filed by attorneys, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F,2d 565, 567 (9th Cir. 1987), *overruled on other grounds*; *see also Hernandez v. Nye Cnty. Sch. Dist.*, No. 2:10-CV-714, 2011 WL 2938274 at *1 (D. Nev. Jul. 19, 2011) (explaining that pro se litigants are "not entirely immune from the civil rules of procedure."). The court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    Discussion

### A.    Res Judicata

Judge Gilbert argues that Adumat's claim seeks to re-adjudicate the same claim previously adjudicated by Chief Judge Brian Morris in 2024. (Doc. 5 at 3–5).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."

4

*Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The Court finds that all three elements are met here.

First, Adumat's present claim arises out of the "same transactional nucleus of facts" as the 2024 action—Judge Gilbert's entry and registration of Judge Deganhart's Colorado judgment. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). Thus, there is an identity of claims. Second, Chief Judge Morris dismissed the 2024 action with prejudice, resulting in a final judgment on the merits. (Doc. 5-1 at 8) (Chief Judge Morris found that Judge Gilbert had "immunity from suit for [her] actions under the Eleventh Amendment of the U.S. Constitution," and thus, Adamut could not amend his complaint.). Third, Adamut and Judge Gilbert were parties to the 2024 action, satisfying the final element.

Because Adamut's claims are barred by res judicata, Adamut's Complaint is dismissed with prejudice and the Court will not reach the merits of Judge Gilbert's judicial immunity defense.

///

///

///

5

B.    *Vexatious Litigant*

The Court turns to Judge Gilbert's request to label Adumat a vexatious litigant and to order "prefiling [restrictions]." (Doc. 5 at 10–12). For the reasons stated below, the Court declines to label Adumat a vexatious litigant at this time.

"[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). "The First Amendment 'right of the people . . . to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002)).

However, federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1900) (quotation marks omitted). "[E]njoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." 28 U.S.C. § 1651(a); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Such pre-filing restrictions, however, "should rarely be filed," and the use of such orders against a pro se plaintiff "should be approached with particular caution." *De Long*, 912 at 1147; *Paviolonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

If the court imposes pre-file restrictions, it must:

(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including a 'listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed,'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'

*Ringgold-Lockhart*, 761 F.3d at 1062.

Judge Gilbert relies on the third factor, arguing this substantive factor alone makes Adumat a vexatious litigant. If the Court were to agree with Judge Gilbert, it would then need to satisfy the remaining factors to properly impose pre-file restrictions on Adumat. Accordingly, the Court must first make findings as to the alleged frivolousness or harassing nature of Adumat's claims.

As to frivolousness, the court must look at the number and content of the fillings. *Ringgold-Lockhart*, 761 F.3d at 1064. Though there is no numerical definition for frivolousness, "the court [must] make a finding that the number of complaints was inordinate." *De Long*, 912 F.2d at 1148. Alternatively, the court may make a finding that the litigant's filings "show a pattern of harassment." *Id.* Repetitious filing is not always harassment, so, the court must "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id.* at n.3

When considering frivolity and harassment, the Ninth Circuit has looked to the Second Circuit's "helpful framework" to determine whether a litigant is

vexatious and whether a pre-filing order will stop the vexatious litigant. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007). The Second Circuit considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

Judge Gilbert relies heavily on the Second Circuit framework. (Doc. 5 at 10–12). She argues that the instant action is duplicative of the 2024 action and warns that dismissing Adumat's case "will not deter him from filing motions against [her]." (*Id.* at 11). For example, after Chief Judge Morris dismissed Adumat's 2024 action and closed the case, Adumat filed three additional motions—a motion to reopen the case, a motion to issue a warrant for the arrest of Judge Deganhart, and a motion requesting that Chief Judge Morris read all 2010 case minutes. Chief Judge Morris denied the motions. Thus, Judge Gilbert asserts that Adumat was motivated to file the instant action because his 2024 post-dismissal motions were "ignored." (Doc. 5 at 12).

Judge Gilbert further argues that litigating against Adumat has caused and will continue to cause needless litigation expenses. Judge Gilbert spent time and

resources responding to Adumat's 2024 motions and attending oral argument. Judge Gilbert finds she is "unnecessarily burdened" by the instant action. (*Id.*).

Finally, Judge Gilbert asserts that sanctions are inadequate to prevent Adumat from filing again. After Chief Judge Morris issued an order stating the court would not entertain further motions from Adumat, he filed another motion three days later. (Docs. 5-3, 5-7). Thus, Judge Gilbert requests that the Court declare Adumat a vexatious litigant "as a courtesy . . . with a view towards the proper administration of justice." (Doc. 5 at 12).

The Court is sympathetic to Judge Gilbert's situation, however, it does not find that Adumat's actions rise to the level of a vexatious litigant. As far as the Court is aware, Adumat has filed only two actions against Judge Gilbert—the 2024 action and the instant action. "[T]wo cases [are] far fewer than what other courts have found 'inordinate.'" *Ringgold-Lockhart*, 761 F.3d at 1064–65; *see e.g., Molski*, 500 F.3d at 1060 (roughly 400 similar cases); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (35 actions filed in 30 jurisdictions). And merely because the instant action is barred by res judicata does not make the claim per se frivolous. *See De Long*, 912 F.2d at 1148. For this reason, the Court finds that Adumat's filings were neither inordinate nor duplicative.

The Court further finds that Adumat's filing history does not yet rise to the level of harassment that would justify pre-filing restrictions. An exorbitant number

of filings and the content therein may cause unnecessary financial burdens and impose needless time constraints on the parties and the court. However, as to the 2024 action, the Court notes that the three additional motions filed post-dismissal were directed to the court, not to Judge Gilbert. Chief Judge Morris, at his discretion, ultimately directed the clerk of court to discard any future filings Adumat submitted in the matter.

Here, there is little indication that Adumat brought the instant action in bad faith or with an intent to harass. When construing his Complaint liberally, Adumat demonstrates at least some understanding of Chief Judge Morris's prior ruling. For example, Chief Judge Morris found that the court lacked personal jurisdiction over Judge Deganhart. (Doc. 5-1 at 8–10). In this case, Adumat alleges a claim solely against Judge Gilbert. Likewise, he alleges a new legal theory. Though Adumat is ultimately barred by res judicata, without more obvious evidence of Adumat's intent to harass Judge Gilbert or the Court, a second filing alone does not justify pre-filing restrictions. *See De Long*, 912 at 1147; *Paviolonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (Pre-filing restrictions against a pro se plaintiff "should be approached with particular caution.").

Because Adumat is barred from bringing his claims by judicial immunity under Chief Judge Morris's ruling and by res judicata under this Court's ruling, it is unlikely he will file another action. If, however, Adumat's future filings assume a

frivolous or harassing nature, the Court will first consider the remedies available to it under the Federal Rules of Civil Procedure—Rule 11 sanctions. In its discretion, the Court may impose: "nonmonetary directives; an order to pay a penalty into court; or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses resulting from the violation." Fed. R. Civ. P. 11(c)(4). If Rule 11 is not enough to deter Adumat, only then, will the Court consider imposing pre-file restrictions.

At this time, however, the Court declines to declare Adumat a vexatious litigant.

## IV.    Conclusion

IT IS SO ORDERED that:

1. Defendant Judge Gilbert's Motion to Dismiss is GRANTED;

2. Defendant Judge Gilbert's motion to declare Plaintiff Adumat a vexatious litigant is DENIED; and

3. Plaintiff Adumat's Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this matter.

DATED this _30th_ day of June, 2025.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge

11